

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-24-00256-CR

---

KENNETH SHED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-1018 (Counts I – VII), Honorable Douglas H. Freitag, Presiding

---

## January 8, 2025

## ORDER OF ABATEMENT AND REMAND

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kenneth Shed, appeals his convictions for indecency with a child,[1] three counts of aggravated sexual assault of a child,[2] and three counts of sexual assault of a child.[3]  Appellant was sentenced to seven life sentences to be served concurrently. Appellant's brief was originally due October 21, 2024, but we granted Appellant's

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

[2] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B).

[3] *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

appointed counsel two extensions to file a brief due to counsel's caseload. By letter of December 3, 2024, we admonished Appellant's counsel that failure to file a brief by December 20 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent;

3.      why a timely appellate brief has not been filed on behalf of Appellant;

4.      whether Appellant's counsel has abandoned the appeal;

5.      whether Appellant has been denied the effective assistance of counsel;

6.      whether new counsel should be appointed; and

7.      if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by February 7, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before January 22, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.